UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | C.A. No. 3:13-cv-776-CMC |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| vs. | ) | ON MOTION FOR DAMAGES |
| | ) | AND ENTRY OF JUDGMENT |
| CRYSTAL BRYSON, individually and as | ) | |
| officer, director, shareholder, and/or | ) | |
| principal of Ambrosia Restaurant LLC, and | ) | |
| AMBROSIA RESTAURANT LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

     This matter is before the court on Plaintiff's motion for default judgment. Dkt. No. 13. This motion is granted and damages awarded in the amounts set forth below. Judgment shall be entered on Plaintiff's first cause of action for violation of 47 U.S.C. § 605, as Plaintiff has elected to proceed on that cause of action only. *See* Dkt. No. 13-1 at 5. Plaintiff's second cause of action for violation of 47 U.S.C. § 553 and third cause of action for conversion are, therefore, dismissed with prejudice.

## LIABILITY

     Liability has been established by Defendants' default. *See* Dkt. No. 10 (Clerk of Court's entry of default entered May 31, 2013).

## DAMAGES

     In light of entry of default and Plaintiff's election of remedies, the only issues remaining for resolution are the amounts of damages, attorneys' fees and costs to be awarded for Defendants' violation of 47 U.S.C. § 605. Plaintiff seeks to resolve these issues through the present motion,

which seeks an award of statutory damages and attorneys' fees and costs.[1]  This motion is both ripe

for resolution and unopposed.[2]

### Findings and Award of Damages

Based on the written submissions and lacking any opposition, the court makes the following

findings of fact and reaches the following conclusions of law.

1.    Both Defendants are in default and have, by virtue of their default, admitted all factual

allegations in the complaint.  By failing to respond to the present motion, Defendants have

also admitted all factual matters supported by the evidentiary submissions filed in support

of the motion.

2.    The now-admitted allegations include that (a) Defendants, without authorization, intercepted

a fight program to which Plaintiff held the rights, (b) displayed that fight to patrons in a

commercial establishment, and (c) did so knowingly and willfully and for commercial gain.

3.    In addition, the individual Defendant has, by failing to answer the complaint, admitted that

she bore personal responsibility for the display of the program and is liable individually and

as officer, director, shareholder and/or principal of the business at which the program was

displayed.

---

[1]  Plaintiff has submitted a proposed order that, if adopted, would award a variety of forms of relief beyond what is awarded in this order.  The court declines to consider these additional forms of relief for a variety of reasons including that they are not sought in the complaint or addressed in the motion (*e.g.*, injunctive relief and a preemptive award of attorneys' fees for "post-trial and appellate services" if Defendants fail to "voluntarily pay the judgment").  Further, some forms of relief sought have no obvious legal foundation (*e.g.*, direction to "the United States Marshals Service to use any means or force necessary to satisfy this Judgment").

[2]  The present motion was filed on September 23, 2013, following the court's request for a status report.  Dkt. No. 12 (docket text order entered August 8, 2013); Dkt. No. 13 (motion filed September 23, 2013).  Despite service of the motion on Defendants and passage of the time allowed for filing a response, no response has been filed.

4.   Subsequent unchallenged submissions by Plaintiff support findings, which the court now makes, that (a) the commercial establishment had a capacity of approximately 65 patrons; (b) there were approximately 20 patrons present during the exhibition, and (c) those patrons were consuming food and beverage from which Defendants would have obtained an economic benefit.

5.   No other evidence of aggravating factors such as receipt of a cover charge or prior offenses has been presented.

6.   Because of its capacity, the enterprise would have been required to pay $1,100 to lawfully display the program.

7.   In order to have a deterrent effect, the court finds that the amount of the statutory damage award under subsection 47 U.S.C § 605(e)(3)(C)(i)(II) should be double the amount that would have been paid to lawfully display the program.  The court, therefore, awards $2,200 in statutory damages.

8.   The court enhances this award with an award of an additional $3,300 (three times the rate, for a total award of five times the rate) under 47 U.S.C § 605(e)(3)(C)(ii) due to the willful and knowing nature of the piracy.

9.   In addition, the court awards costs in the amount of $405.  The court declines to award attorneys' fees due to insufficient support.[3]

---

[3] Plaintiff seeks an award of $1500 in attorneys' fees, offering the following support for the hours and rate:

Plaintiff estimates that attorneys representing Plaintiff in this action reasonably expended or will expend a minimum of six (6) hours on this litigation through the preparation of Plaintiff's Motion for Default Judgment.  It is my opinion that a blended rate of $250.00 per hour is reasonable for anti-piracy litigation, considering

(continued...)

WHEREFORE, the court directs entry of judgment jointly and severally against both Defendants in the total amount of $5,905 representing all damages and costs (and reflecting the denial of attorneys' fees). This amount is awarded under the first cause of action and shall draw interest at the statutory rate. The remaining two causes of action are dismissed with prejudice based on Plaintiff's election of remedies.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 23, 2013

---

[3](...continued)
my firm's experience and other courts' regular approval of said sum.

Dkt. No. 13-6 at 2.

This is wholly inadequate as it fails to reveal what work was done by whom or provide adequate support for the rate sought. *See generally Grissom v. Mills Corp.,* 549 F.3d 313, 323 (4th Cir. 2008) (reversing fee award, in part because "Plaintiff offered no specific evidence that the hourly rates sought for his attorneys coincided with the then prevailing market rates of attorneys in the Eastern District of Virginia of similar skill and for similar work, which our case law required him to do." ); *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award."). The court also notes that it has previously reduced fees to the same Plaintiff for the same reason and, in doing so, warned that counsel "should strictly comply with the requirements of *Grissom* and *Plyler* in any future petition for attorney's fees." *Joe Hand Promotions, Inc., v. The Precint Bar*, 3:10-cv-199-CMC, Dkt. No. 30 at 7-9. While Plaintiff was there represented by a different local attorney, the court finds the warning to the client adequate to justify denial of fees in this case.

4